J-S04019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT WOODARD | |
| Appellant | No. 1380 EDA 2019 |

Appeal from the PCRA Order entered April 8, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0220171-1992, CP-51-CR-0220261-1992, CP-51-CR-0222811-1992, CP-51-CR-0238091-1992,
CP-51-CR-0220351-1992

BEFORE: BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:          **FILED JUNE 08, 2020**

Appellant, Robert Woodard, appeals from the April 8, 2019 order entered in the Court of Common Pleas of Philadelphia County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we quash the appeal.

The PCRA court summarized the relevant factual and procedural background as follows.

> [Appellant] was convicted of five counts of robbery, four counts of burglary, three counts of possessing an instrument of crime, and one count of rape on December 10, 1992. [Appellant] was sentenced on March 29, 1993 to an aggregate term of 48 to 96 years. Following [Appellant]'s appeal, the Superior Court affirmed his sentence in 1994. [Appellant] filed his first PCRA petition on July 5, 1994. An amended petition was subsequently filed by appointed counsel. The Honorable Genece E. Brinkley denied [Appellant]'s PCRA [petition] on September 9, 1996. On October

6, 1998, the Pennsylvania Supreme Court denied [Appellant]'s petition for allocatur.

Over the next twenty-one years, [Appellant] filed a series of other PCRA [petitions], all of which were dismissed by the [PCRA court].

PCRA Court Opinion, 4/8/19, at 1-2 (footnotes omitted).

At issue here are three identical PCRA petitions which Appellant filed on November 29, 2018, December 17, 2018, and January 9, 2019, respectively. On April 8, 2019, the PCRA court dismissed the three petitions. The order, which effectively consists of one sentence, reads: "[F]ollowing a review of the pleadings and record, the petitions of [Appellant] for post-conviction relief are hereby **DISMISSED** for the reasons stated in the accompanying opinion." Order, 4/8/19 (emphasis in original).

Appellant timely filed five identical *pro se* notices of appeal, each listing the five trial dockets numbers listed above. The appeals at docket numbers 1381 EDA 2019, 1382 EDA 2019, 1383 EDA 2019, and 1384 EDA 2019 were dismissed for failure to file a brief. Regarding the *pro se* appeal at docket number 1380 EDA 2019, we issued a rule to show cause why the appeal should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. June 1, 2018).[1] Appellant filed a *pro se* response in which he never addressed **Walker** and its consequences.

---

[1] **Walker** prospectively requires separate notices of appeal from an order resolving issues arising on more than one trial court docket. **Walker** was decided on June 1, 2018. Therefore, the requirement for separate notices of appeal applies to the April 8, 2019 order at issue in this case.

On October 30, 2019, we entered an order informing the parties that the **Walker** issue will be referred to the panel assigned to decide the merits of appeal.

Initially, we find we must address another problem antecedent to the **Walker** issue. The order being appealed here violates Pennsylvania Rules of Criminal Procedure 907(4) and 114.

Rule 907(4) provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right of appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4). Pursuant to Rule 114, service shall be in writing by "sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of . . . confinement." Pa.R.Crim.P. 114(B)(3)(a)(v). Further, the docket entries shall contain the date of receipt in the clerk's office of the order, the date appearing on the order, and the date of service of the order. Pa.R.Crim.P. 114(C). Finally, Pa.R.A.P. 301 provides that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). An order properly is entered upon the docket by complying with Pa.R.Crim.P. 114(C).

Here, the order does not advise Appellant of the right to appeal or the time limits within which the appeal must be filed. It appears it was served by certified mail, but there is no indication of return receipt requested, the docket

- 3 -

entries recording the date of receipt of the order, the date appearing on the order, or the date of service of the order.

Yet, despite all the irregularities with the order and the docketing of the order, Appellant timely filed the instant appeal on May 1, 2019. Thus, timeliness of the instant appeal is not at issue here.

What does remain however are the multiple irregularities with the service and docketing of the order denying PCRA relief. Irregularities such as those listed above typically result in quashal of an appeal without prejudice to an appellant to file a new appeal upon rectification of the clerk of court's errors. *See*, *e.g.*, *Commonwealth v. Volz*, No. 695 EDA 2019, unpublished memorandum (Pa. Super. filed February 3, 2020); *Commonwealth v. Lowery*, No. 3363 EDA 2018, unpublished memorandum (Pa. Super. filed February 27, 2020). As in *Volz* and *Lowery*, we too quash the instant appeal as premature. After the clerk of courts serves Appellant the April 8, 2019 order in accordance with Pa.R.Crim.907(4) and notes such service on the docket as per Rule 114(C), Appellant will have thirty days from the date of service to timely file separate notices of appeal at each docket implicated by the order. *See Walker*, *supra*.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/20